IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01524-REB-BNB

CRAIG D. FOUTZ,

Plaintiff,

v.

STERLING CONSTRUCTION MANAGEMENT, LLC, a Wyoming limited liability company,
and
STERLING CONSTRUCTION COMPANY, a Colorado corporation,

Defendants.

_____

**ORDER**
_____

This matter is before me on **Defendants' Motion and Notice Regarding Trial Depositions** [Doc. # 51, filed 9/5/2008] (the "Motion to Take Depositions"), which is DENIED.

Pursuant to the scheduling order as modified, see Order [Doc. # 30, filed 1/15/2008], discovery in this case closed on July 25, 2008. A scheduling order may be modified only upon a showing of good cause. Rule 16(b)(4), Fed. R. Civ. P. Good cause is defined in the Advisory Committee Notes to Rule 16 as follows:

> [T]he court may modify the schedule on a showing of good cause
> if it cannot reasonably be met despite the diligence of the party
> seeking the extension. Since the scheduling order is entered early
> in the litigation, this standard seems more appropriate than a
> "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. I also have considered the explanation of good cause set out in Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

Here, the Motion to Take Depositions argues that Mary Thompson and Shannon Kirby, the people from whom depositions are sought, are "very important witnesses." Motion to Take Depositions at ¶1. No explanation is offered, however, as to why their depositions were not taken (or in the exercise of reasonable diligence could not have been taken) during the discovery period. Accordingly, no good cause has been shown to amend the scheduling order to reopen discovery.

In addition, the Practice Standards of the district judge require that "[e]vidence to be presented by deposition shall be designated with specificity, i..e., by page(s) and line(s), no later than 45 days before trial." Practice Standards--Civil Actions, Judge Robert E. Blackburn at Part III. F.1.a. Trial in this case is scheduled to begin on October 20, 2008, which is only 41 days hence. Even if the requested depositions were taken today, which cannot occur, the parties would not be able to meet the requirements of the Practice Standards for designating depositions testimony.

IT IS ORDERED that the Motion to Take Depositions is DENIED.

Dated September 9, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge