## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 07-cv-01524-REB-BNB

CRAIG D. FOUTZ,

    Plaintiff,

v.

STERLING CONSTRUCTION MANAGEMENT, LLC, a Wyoming limited liability company, and
STERLING CONSTRUCTION COMPANY, a Colorado corporation,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the **Defendants' Joint Motions and Brief for Summary Judgment** [#40], filed July 25, 2008. The plaintiff filed a response, and the defendant filed a reply. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

### . II. SUMMARY JUDGMENT - STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. ***White v. York Int'l Corp.***, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. FACTS

The plaintiff, Craig Foutz, is a heavy equipment operator. Foutz has has worked on numerous pipeline construction projects over the last 10 years, and has worked for over 30 different companies during that time. Typically, Foutz worked on discrete projects and, when his portion of the project was complete, he was laid off. Foutz worked for the defendants, Sterling Construction Management, LLC, and Sterling Construction Company on a few different occasions. I will refer to the two defendants collectively as Sterling.

On August 20, 2004, Foutz started working for Sterling on the Questar project, near Provo, Utah. On October 2, 2004, Foutz was operating a bulldozer when the bulldozer rolled sideways down an embankment. The bulldozer landed upright. The bulldozer had an enclosed cab with a padded ceiling, and Foutz was wearing a seatbelt loosely. Foutz braced himself with his hands, but hit his head on the top of the cab as the bulldozer rolled over. After the rollover, Foutz walked from the bulldozer up an embankment to his pickup truck, which was located about 1,500 feet away. Foutz then drove to his motel room.

Mary Thompson, a Sterling safety employee, went to Foutz's motel room to check on him. Thompson says she offered to take him to the emergency room to be

2

checked. Thompson says Foutz declined to go for treatment. *Motion for summary judgment* [#40], Exhibit A-6 (Thompson affidavit). Foutz says he did not refuse medical care on the date of the incident. He says he told Thompson that he wasn't sure if he needed to see a doctor, that he was stunned, and that he just wanted to lay down. *Response to motion for summary judgment* [#43], Exhibit 2 (Foutz deposition), pp. 32 - 33. Foutz was off work the following day, Sunday, and he returned to work the following week.

Early the next week, Foutz told Thompson that he thought he should see a doctor, and Thompson took Foutz to see Dr. Stephen Nelson at a clinic near Orem, Utah. Dr. Nelson diagnosed Foutz with a sprain/strain/whiplash of his neck and trapezious area. Dr. Nelson concluded also that, effective that day, Foutz was cleared to perform all job functions associated with his regular job duties with no work restrictions. Foutz returned to work, but was assigned to operate a padding hoe to avoid any jostling motion which might aggravate his neck strain. About one week later, Dr. Nelson place Foutz on work restrictions, limiting Foutz to light duty. *Response to motion for summary judgment* [#43], filed August 18, 2008, Exhibit 1 (Nelson deposition) 26:11 - 25. Foutz continued to work for the following six weeks. During these weeks, Foutz worked ten or more hours per day operating a number of types of heavy equipment. Ultimately, Sterling's Utah supervisor, Alan Hickey, sent Foutz to Parachute, Colorado, to work on a different project. Foutz says that, with this transfer, his employment was transferred from Sterling Construction Management to Sterling Construction Company. The foreman on the Parachute, Colorado, job, Tim Crowley, was unaware of Foutz's claimed neck injury or disability. Foutz worked on the Parachute job for a brief time and then was laid off.

In this case, Foutz asserts a claim under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213. Foutz claims he was disabled, as that term is used in the ADA, when he was transferred to the Parachute, Colorado, job and when his employment was terminated. He claims that the defendants discriminated against him based on his disability when he was transferred to the Parachute, Colorado, job and when his employment was terminated. In addition, Foutz asserts a claim for civil conspiracy. Foutz alleges that the two defendant Sterling entities agreed and acted jointly to deny Foutz medical treatment to which he was entitled and to violate Foutz's rights under the ADA. The defendants argue that they are entitled to summary judgment on both of Foutz's claims.

## IV. ADA CLAIM

Foutz does not present direct evidence of disability discrimination, so the burden shifting framework of **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802-804 (1973), must be applied in an evaluation of the viability of Foutz's ADA claim. **MacKenzie v. City and County of Denver**, 414 F.3d 1266, 1274 (10th Cir. 2005). To establish a prima facie case of disability discrimination, Foutz must show that (1) he is a disabled person, as defined by the ADA, or Sterling regarded Foutz as a disabled person; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of his job; and (3) Sterling discriminated against him because of his disability, or because Sterling regarded him as disabled. **Id**.; **Zwygart v. Board of County Com'rs of Jefferson County, Kan.**, 483 F.3d 1086, 1091 (10th Cir. 2007). Disability discrimination can take the form of an employer's denial of a reasonable accommodation for the employee's disability, or some form of an adverse employment action that was motivated by either the employee's disability or by the fact that the

4

employer regarded the employee as having a disability. If Foutz comes forward with evidence sufficient to establish a prima facie case, then the burden shifts to Sterling to offer a legitimate, nondiscriminatory reason for its employment decision. **MacKenzie**, 414 F.3d at 1274. If the defendant establishes a legitimate, nondiscriminatory reason for its employment decision, then the burden shifts to the plaintiff to show that the defendant's stated reason is a pretext for discrimination. *Id*.

Sterling argues that Foutz has not established a prima facie case under the ADA because he has not demonstrated that he was a disabled person at the relevant times. Under the ADA, "(a) 'disability' is '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" **See Boykin v. ATC/VanCom of Colorado, L.P.**, 247 F.3d 1061, 1063 (10th Cir. 2001) (quoting 42 U.S.C. § 12102(2)). In his response to the motion for summary judgment, Foutz argues that he had a disability at the relevant times because he was "limited in his ability to perform the class of work he has performed for the majority of his life. The injuries Foutz incurred have prevented him from returning to his primary occupation of heavy equipment operator." *Response to motion for summary judgment* [#43], filed August 18, 2008, p. 9. Foutz argues that he was substantially limited in the major life activity of working.

"(I)n the context of the major life activity of working, the 'term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" **Jones v. U.P.S., Inc.**, 502 F.3d 1176, 1191 (10th Cir. 2007) (quoting 29 C.F.R. § 1630.2(j)(3)(i)).

> To be substantially limited in the major life activity of working . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999).

As the defendants note, following Foutz's accident on October 2, 2004, Foutz continued to work for Sterling, and he operated a variety of heavy equipment. After he was examined by Dr. Nelson on October 5, 2004, Foutz was assigned to operate a padding hoe to avoid any jostling that might aggravate his neck injury. *Motion for summary judgment* [#40], p. 3 (citing exhibits). Foutz then continued to work for about six additional weeks operating a variety of heavy equipment for ten or more hours per day, six or seven days per week. *Id.*, Exhibit A-4 (Foutz deposition), 80:4 - 82:17. Foutz says he was not able to operate a bulldozer or a side boom during this time because of his neck injury. *Id.*, 134:4 - 135:6. It is undisputed, however, that Foutz was able to operate a variety of other heavy equipment after his neck injury. Viewing the evidence in the record in the light most favorable to Foutz, a reasonable fact finder could not conclude that Foutz was "precluded from a substantial class of jobs." The fact that Foutz continued to work operating a variety of heavy equipment demonstrates that he was not precluded from the class of jobs known as heavy equipment operator. Foutz has not presented any evidence that he was precluded from working in a host of different types of jobs.

Foutz claims also that he was regarded by Sterling as having an impairment that constituted a disability under the ADA, and that Sterling discriminated against him because he was so regarded. To show that Sterling regarded Foutz as disabled, Foutz

6

must show that Sterling regarded Foutz as having a physical impairment that substantially limits one or more of the major life activities. Again, Foutz relies on the major life activity of working. In view of the undisputed facts outlined above, I conclude that no reasonable fact finder could conclude that Foutz was so regarded by Sterling. With Sterling's knowledge and participation, Foutz continued to work operating a variety of heavy equipment for six weeks after his neck injury. Again, the fact that Sterling continued to employ Foutz for such work demonstrates that Sterling did not perceive Foutz as being precluded from a substantial class of jobs because of his neck injury. Viewing the evidence in the record in the light most favorable to Foutz, no reasonable fact finder could conclude that Foutz was a disabled person, for the purpose of the ADA, because Sterling regarded Foutz as having a physical or mental impairment that substantially limited Foutz in the major life activity of working.

In sum, Foutz has not established a prima facie case of disability discrimination under the ADA because the evidence in the record cannot reasonably be viewed as showing that Foutz was, at the relevant times, a disabled person, as defined by the ADA, or that Sterling regarded Foutz as a disabled person. Therefore, I grant Sterling's motion for summary judgment on Foutz's ADA claim.

## V. CIVIL CONSPIRACY CLAIM

Under Colorado law, a claim of civil conspiracy has four elements[1]:

1) The defendant and at least one other person agreed, by words or conduct, to accomplish an unlawful goal or to accomplish a goal through unlawful means;

2) One or more unlawful acts were performed to accomplish the goal or one or more acts were performed to accomplish the unlawful goal;

---

[1] See **CJI-Civ. 4th 27:1** and the concomitant ***Notes on Use*** and ***Source and Authority***.

7

3) The plaintiff had damages; and

4) The plaintiffs damages were caused by the acts performed to accomplish the goal.

The defendants argue that they are entitled to summary judgment on Foutz's civil conspiracy claim because Foutz has not come forward with sufficient evidence in support of this claim.

In his response to the motion for summary judgment, Foutz notes that the basis for his civil conspiracy claim is that the defendants "conspired to deny him his federally protected rights under the ADA." *Response to motion for summary judgment* [#43], filed August 18, 2008, p. 17. An effort to violate Foutz's ADA rights can be seen as either an unlawful goal, or as an unlawful means to accomplish a goal. As discussed above, however, the evidence in the record is not sufficient to support Foutz's ADA claim. Therefore, the evidence also is not sufficient to permit a reasonable fact finder to conclude that the defendants agreed either to accomplish an unlawful goal, or to use unlawful means to accomplish a goal, by violating Foutz's ADA rights. The defendants are entitled to summary judgment on Foutz's civil conspiracy claim.

## VI. CONCLUSION AND ORDERS

Viewing the undisputed facts in the record in the light most favorable to Foutz, no reasonable finder of fact could conclude that Foutz was disabled, or that Sterling regarded Foutz as disabled, at the time of Foutz's termination or in the weeks leading up to Foutz's termination. Foutz has not established a prima facie case of discrimination under the ADA, and Sterling is entitled to judgment as a matter of law on Foutz's ADA claim. Similarly, viewing the facts in the record in the light most favorable to Foutz, no reasonable fact finder could conclude that the defendants agreed either to

8

accomplish an unlawful goal, or to use unlawful means to accomplish a goal.  Absent sufficient evidence to establish this key element of Foutz's civil conspiracy claim, Sterling is entitled to judgment as a matter of law on this claim.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Joint Motions and Brief for Summary Judgment** [#40], filed July 25, 2008, is **GRANTED**;

2. That the plaintiff's ADA claim and the plaintiff's civil conspiracy claim are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** for the defendants, Sterling Construction Management, LLC, a Wyoming limited liability company, and Sterling Construction Company, a Colorado corporation, and against the plaintiff, Craig D. Foutz, on the plaintiff's ADA claim and on the plaintiff's civil conspiracy claim;

4. That the Trial Preparation Conference set for Thursday, January 15, 2009, is **VACATED**;

5. That the trial, which is currently scheduled to commence Tuesday, January 20, 2009, is **VACATED**;

6. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That all other pending motions, including [#s 59, 61, and 62], are **DENIED** as moot.

Dated January 12, 2009, at Denver, Colorado.

                                    **BY THE COURT:**

                                    **s/ Robert E. Blackburn**
                                    **Robert E. Blackburn**
                                    **United States District Judge**